# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| MARIO JOSE ORTIZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-3580 |
| | § | |
| CITIMORTGAGE, INC., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Citimortgage, Inc.'s motion for summary judgment. Dkt. 17.  Having reviewed the motion, response, reply, other relevant documents in the record, and the applicable law, the court is of the opinion that the motion should be GRANTED.

## I. BACKGROUND

This is a foreclosure case.  ABN AMRO Mortgage Group provided the funds for plaintiff Mario Jose Ortiz to purchase property on Fallcrest Drive in Houston, Texas on July 11, 2003, in exchange for Ortiz's signing a promissory note for $165,600.  Dkt. 1-4.  In September 2011, Ortiz allegedly had surgery and was unemployed for eight months as a result.  *Id.*  He has subsequently returned to full-time work.  *Id.*  However, he fell behind on his financial responsibilities during his eight months of unemployment.  *Id.*

Citimortgage claims that ABN AMRO Mortgage Group merged into Citimortgage on August 21, 2007.  Dkt. 17.  Citimortgage contends that it sent Ortiz a notice of default on December 13, 2011, advising Ortiz that payments had not been made and that Citimortgage was the lender and servicing agent for the loan.  *Id.*  The notice advised Ortiz that he needed to pay a certain amount by January 12, 2012, or risk acceleration of the loan and foreclosure.  *Id.*  Ortiz made a payment to

Citimortgage in January that arguably brought his mortgage current, but then failed to make required payments in February, March, April, and May. *Id.* Citimortgage then allegedly sent Ortiz a letter on April 4, 2012, advising that Ortiz was behind on payments and that failure to cure the default by May 9, 2012, would result in foreclosure. *Id.* Ortiz did not make the payment, and Citimortgage allegedly sent him a notice of acceleration and notice of substitute trustee's sale on October 3, 2012, which notified Ortiz that the property would be sold on November 6, 2012. *Id.* Citimortgage foreclosed on November 6, 2012. Dkt. 1-4.

Ortiz contends that he requested a loan modification from defendant Citimortgage and that the loan was under the modification process at the time of the foreclosure. Dkt. 18. Ortiz claims that Citimortgage foreclosed without providing him with required pre-foreclosure notices and that it instead sent him a letter two days *after* the foreclosure informing him that his modification had been denied because he did not provide all necessary documentation. *Id.* Ortiz contends that he submitted all the necessary documentation in a timely manner. *Id.* Ortiz also asserts that Citimortgage foreclosed on his home without serving the necessary pre-foreclosure notices and without proving how the mortgage lien was acquired by Citimortgage. *Id.*

Ortiz filed a claim against Citimortgage in the 133rd Judicial District Court of Harris County, Texas, on December 10, 2012, asserting that Citimortgage had no standing to foreclose because it is a stranger to the mortgage and because it failed to notify Ortiz of the default and acceleration of the loan as required by the Texas Property Code. *Id.* Ortiz also asserted claims for interference with an existing contract, promissory estoppel, and breach of contract constituting wrongful foreclosure, and he requested declaratory relief, injunctive relief, and attorney's fees. *Id.*

Citimortgage removed the case to this court on December 10, 2012. Dkt. 1. Citimortgage then filed a motion to dismiss. Dkt. 6. The court granted the motion to dismiss with respect to

Ortiz's promissory estoppel claim, but otherwise denied the motion.  Dkt. 12.  Citimortgage now moves for summary judgment, arguing that (1) it had standing to foreclose because it is the servicer of the mortgage and because it acquired ABN Amro Mortgage Group, Inc., by merger and held the mortgage at the time of foreclosure; and (2) it provided notice of the foreclosure as required under Texas law.  Dkt. 17.  Ortiz opposes the motion for summary judgment, asserting that (1) Citimortgage may not argue that the merger between ABN AMRO Mortgage Group and Citimortgage gives it standing because Citimortgage failed to produce the merger documents during discovery despite a request for documents evidencing transfer, sale, or assignment of Ortiz's note; (2) Citimortgage cannot assert it is the servicer because the declaration offered as evidence is hearsay and conclusory; and (3) Citimortgage did not give notice under Texas Property Code section 51.002(d) because it failed to send a second notice of default after Ortiz cured his default in January. Dkt. 18.

## II. LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986).  An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007).  "[A]nd a fact is genuinely in dispute only if

a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id* . "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell* , 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting Fed. R. Civ. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the non-movant cannot avoid summary judgment

4

simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts."  *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

### III. ANALYSIS

Citimortgage asserts that it is entitled to summary judgment on Ortiz's claims for lack of standing, interference with contract, and breach of contract because it was the holder and servicer of the note, it could not interfere with its own contract, and it sent notices in compliance with the deed of trust.  Dkt. 17.  Additionally, Citimortgage argues that it is entitled to summary judgment on the claims for declaratory relief, injunctive relief, and attorney's fees because these claims must fail if all the other claims fail.  *Id.*

Ortiz objects to the evidence that Citimortgage submits to support its arguments and requests that the court exclude the evidence.  Dkt. 18.  Ortiz contends that without this evidence, Citimortgage does not meet its summary judgment burden with regard to the standing and interference with contract claims.  As far as the breach of contract claim, Ortiz asserts that Citimortgage did not send him notice in compliance with Texas statutes.

### A.    Evidentiary Issues and Standing

Ortiz takes issue with two items Citimortgage has offered as summary judgment evidence: (1) the document evidencing that ABN AMRO Mortgage Group merged into Citimortgage; and (2) the affidavit asserting that Citimortgage was the servicer of Ortiz's loan.  Dkt. 17.

5

1.      **Objection to Merger Certificate.**  With regard to the merger certificate, Ortiz argues that the court cannot rely on the evidence Citimortgage provides regarding the merger with that ABN AMRO Mortgage Group because Citimortgage did not provide the certificate in response to Ortiz's discovery requests.  *Id.*

Under Federal Rule of Civil Procedure 37,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(I)-(vi).

Fed. R. Civ. P. 37(c)(1) (emphasis added).

The first request for production to which Ortiz asserts the merger documents are responsive requests that Citimortgage produce:

> All assignments, transfers, allonge, or other documents evidencing a transfer, sale or assignment of Plaintiff's note, deed of trust, monetary instrument or other document that secured payment by Plaintiff of the loan at issue in this matter from inception to the mortgage loan to the present.  If none, state "none."

Dkt. 18, Ex. H.  The second request for production at issue seeks:

> All electronic transfers, assignments and sales of Plaintiff's note/asset, mortgage, deed of trust or other security instrument.

*Id.*

Citimortgage contends that neither of these requests call for production of the certificate because the mortgage has never been transferred.  Dkt. 20.  Rather, the original lender merged into

6

Citimortgage, making Citimortgage the holder of the mortgage without the necessity of an assignment or transfer of the mortgage.  *Id.*

In the merger, which was accomplished pursuant to section 904 of New York Business Corporation Law, Citimortgage is the "surviving constituent corporation."  Dkt. 17, Ex. E.  Under section 906 of New York Business Corporation Law, after a merger, all of "the property, real and personal, including subscriptions to shares, causes of action and every other asset of each of the constituent entities, shall vest in [the] surviving or consolidated corporation without further act or deed," and the surviving corporation "shall assume and be liable for all the liabilities, obligations and penalties of each of the constituent entities."  N.Y. Bus. Corp. Law § 906(b).  Thus, the merger does not result in any specific paperwork "evidencing a transfer, sale or assignment," other than the merger document itself, which arguably indicates the interest was transferred.  However, since it is not technically a "transfer, sale or assignment," Citimortgage's failure to provide the document is justified.

Additionally, regardless of whether the request specifically asked for the document, the court finds that  the failure to provide the document was harmless.  Citimortgage stated in its answer on January 23, 2014, that ABN AMRO Mortgage Group, Inc. was acquired by merger by Citimortgage. Dkt. 16 ¶ 12.  Thus, the claim in the motion for summary judgment that Citimortgage had standing to foreclose because it acquired ABN AMRO by merger came as no surprise to Ortiz.  Ortiz's objection to the summary judgment evidence that ABN AMRO Mortgage Group merged into Citimortgage is OVERRULED.

**2.      Objection to Declaration that Citimortgage Was the Servicer.**  Citimortgage provided an affidavit from Luke Kramme, an operations analyst at Citimortgage, who stated that he reviewed Citimortgage's records and file concerning Ortiz's loan and that Citimortgage serviced

Ortiz's mortgage.  Dkt. 17, Ex. A.  Ortiz asserts that the court cannot rely on this declaration because this statement is hearsay and conclusory.  Dkt. 18**.**  However, Kramme explained his position at Citimortgage and that he had reviewed the files and made his conclusions based on that review.  The statement that Citimortgage was the servicer is based on Kramme's knowledge from his position in the company and his review of the file.  It is not conclusory, but a statement of fact.  Additionally, the statement is not hearsay because it is based on Kramme's personal knowledge.  Moreover, Ortiz acknowledged that Citimortgage was the servicer when he sent a cashier's check payable to Citimortgage and applied for a loan modification with Citimortgage. *See* Dkt. 1-4. Ortiz's objection to the evidence that Citimortgage was the loan servicer is OVERRULED.

Because Citimortgage held the note after ABN AMRO Mortgage Group merged into Citimortgage, and because even if the court could not rely on the evidence of the merger, Citimortgage clearly serviced the mortgage, Citimortgage had standing to foreclose.  Citimortgage's motion for summary judgment on Ortiz's claim that Citimortgage did not have standing to foreclose is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

**B.    Interference with Contract**

Ortiz alleges that Citimortgage interfered with an existing contract between Ortiz and ABN AMRO Mortgage Group, Inc.  Dkt. 1-4.  Citimortgage argues that it could not have interfered with the contract because it held and serviced the mortgage and was thus a party to the mortgage.  Dkt. 17.  Ortiz argues that the court cannot rely on Citimortgage's evidence that it held the note and was the mortgage servicer.  Dkt. 18.  However, the court has overruled those objections.  Citimortgage has presented evidence that it was the holder and servicer, and Ortiz has provided no evidence that there is an issue of material fact that Citimortgage interfered with a contract.  Under Texas law, a party cannot interfere with its own contract. *In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759, 761 (Tex.

2006).  Accordingly, Citimortgage's motion for summary judgment on the interference with contract

claim is GRANTED, and Ortiz's interference with contract claim is DISMISSED WITH

PREJUDICE.

## C.     Breach of Contract

Ortiz alleges that Citimortgage did not comply with the pre-foreclosure notice provisions of

the deed of trust.  Dkt. 1-4.  The deed required Citimortgage to provide Ortiz with notice of his

default, any action needed to cure the default, the date, not less than 30 days from the date the notice

is given, by which the default must be cured, and a notification that failure to cure would result in

acceleration of the sums secured and sale of the property.  Dkt. 17, Ex. F ¶ 22.  The deed required

an additional notice if the lender invoked the power of sale; this notice was to be given at least 21

days before the sale "as provided by Applicable Law." *Id.*

Ortiz argues that Citimortgage did not provide notice of foreclosure "as provided by

Applicable Law" because it failed to send notice as required by section 51.002(d) of the Texas

Property Code.  Dkt. 18.  Section 51.002(d) requires service of "written notice by certified mail

stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor

at least 20 days to cure the default before notice of sale can be given under Subsection (b)."  Tex.

Prop. Code. § 51.002(d).  Under section (b), notice of the sale "must include a statement of the

earliest time at which the sale will begin, must be given at least 21 days before the date of the sale

by" posting the notice at the courthouse, filing it with the county clerk, and "serving written notice

of the sale by certified mail on each debtor . . . ."  Tex. Prop. Code. § 51.002(b).

Citimortgage presents evidence that it provided notice of Ortiz's second default to Ortiz on

April 4, 2012.  Dkt. 17, Ex. B.  This notice stated that payments had not been made, that to cure the

default Ortiz must pay $5,473.83 by May 9, 2012, and that failure to do so by that date would result

in acceleration of the loan.  Dkt. 17, Ex. B.  The notice also stated that Ortiz's property "may be sold in accordance with the deed of trust and applicable law."  *Id.*  On October 3, 2012, Citimortgage sent a notice of acceleration and notice of substitute trustee's sale to Ortiz.  Dkt. 17, Ex. D.  Both of these notices were sent via certified mail.  Dkt. 17, Ex. A.  The foreclosure occurred on November 6, 2012.  Dkt. 1-4.

The summary judgment evidence clearly indicates that Citimortgage sent Ortiz a notice of default that provided him with at least 30 days to cure the default, as required by the deed, and that it notified Ortiz at least 21 days before the foreclosure sale.  Dkt. 17, Exs. B, D.  Both of these notice periods comply with the Texas statutory requirements.  Ortiz has not presented any issues of material fact precluding summary judgment on his breach of contract claim.  Accordingly, Citimortgage's motion for summary judgment with regard to the breach of contract claim is GRANTED and that claim is DISMISSED WITH PREJUDICE.

**D.     Declaratory Judgment, Injunctive Relief, and Attorney's Fees**

Ortiz requests the following declarations: (1) that Citimortgage does not have standing to collect payments on Ortiz's mortgage; (2) that Citimortgage is not a party in interest and a stranger to the note and deed of trust; (3) that if the note is separated from the deed of trust, Citimortgage only has an unsecured debt which cannot attach to Ortiz's property for foreclosure purposes because Ortiz's home is his homestead and protected from forced sale; (4) that Citimortgage did not possess the legal standing to foreclose on Ortiz's homestead; (5) that if Citimortgage failed to produce a valid assignment from ABN AMRO Mortgage Group, Inc. it was without legal authority to foreclose; (7) that Citimortgage had neither financial nor equitable interest in the subject property; and (8) that Citimortgage did not comply with the pre-foreclosure notice provisions of the deed of trust.  Dkt. 1-4.  Ortiz also requests an injunction and attorney's fees.  *Id.*

10

Citimortgage argues that all of the requested declarations pertain to Ortiz's contention that Citimortgage did not properly notice the foreclosure or that Citimortgage did not have authority to foreclose.  Dkt. 17.  Citimortgage thus asserts that since those claims fail, the request for declaratory relief, injunctive relief, and attorney's fees must also fail.  Dkt. 17.  Ortiz argues that Citimortgage "failed to carry its burden of proving that no genuine issue of material fact exist[s] as to Plaintiff's claim.  Plaintiff is therefore entitled to declaratory judgment on his claims." Dkt. 18.  Citimortgage, however, has met its burden with regard to Ortiz's other claims, and Ortiz has not met his burden of demonstrating that there is an issue of material fact.  Ortiz's claims for declaratory relief, injunctive relief, and attorney's fees all hinge on the viability of his other claims, all of which fail. Accordingly, Citimortgage's motion for summary judgment on the claims for a declaratory judgment, request for injunctive relief, and request for attorney's fees is GRANTED and these claims are DISMISSED WITH PREJUDICE.

## IV. Conclusion

Citimortgage's motion for summary judgment (Dkt. 17) is GRANTED.  Ortiz's claims against Citimortgage are DISMISSED WITH PREJUDICE.  A final judgment will be issued concurrently with this memorandum opinion and order.

Signed at Houston, Texas on April 14, 2014.

Gray H. Miller
United States District Judge

11